Homer HUNTER, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 27605
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Jan. 16, 1970.

Homer Hunter, pro se.

H. M. Ray, U. S. Atty., J. Murray Akers, Asst. U. S. Atty., Oxford, Miss., for defendant-appellee.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

PER CURIAM.

 Appellant, Homer Hunter, brings this appeal from a judgment of the United States District Court for the Northern District of Mississippi denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.[1]

Appellant's present sentence was imposed after a plea of guilty to three counts of interstate transportation of forged securities in violation of 18 U.S.C. § 2314. The indictment on these charges was returned in the Western District of Texas. At that time, appellant was confined in Mississippi on a state charge, and the case was transferred to the Northern District of Mississippi pursuant to Rule 20, F.R.Crim.P. On December 2, 1960, appellant entered a plea of guilty and was sentenced to a total of fifteen years imprisonment, to commence upon expiration of his state sentence.

As grounds for his § 2255 motion, appellant alleged: (1) He signed the Rule 20 consent to transfer because he was afraid of a Mississippi prison supervisor who previously had acquiesced in his being beaten by other inmates; (2) the United States Attorney promised him a short sentence to run concurrently with his state sentence if he would waive counsel and cooperate with the court; and (3) the trial court failed to ascertain whether the guilty plea was knowingly and understandingly made, and otherwise failed to comply with Rule 11 F.R. Crim.P.

The district court denied relief after a full evidentiary hearing where both the prison supervisor and the United States Attorney testified and were available for cross-examination. The court found that appellant signed the consent to transfer without any coercion from the prison supervisor; that the

United States Attorney made no promises to induce a guilty plea; and that the requirements of Rule 11, as it existed in 1960, were fully met. Appellant does not contest the validity of these factual determinations by the district court. Rather, he contends that the court's findings of fact do not support its conclusion that appellant knowingly and intelligently waived counsel and entered his plea of guilty.

After examination of the record, we find neither clear error in the district court's findings of fact, nor want of support for its conclusions of law. Accordingly, the judgment is affirmed.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.